IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM HERT,

       *Plaintiff,*

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       *Defendant.*

Case No. 14-1114-EFM

**MEMORANDUM AND ORDER**

    Plaintiff William Hert seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff alleges that the administrative law judge ("ALJ") erred in finding that substance abuse was a contributing factor to Plaintiff's disability and erred in stating Plaintiff's residual functional capacity ("RFC") because there was an inadequate narrative discussion of the evidence. Having reviewed the record, and as described below, the Court affirms the order of the Commissioner.

    **I.**    **Factual and Procedural Background**

    William Hert was born on March 26, 1960. On November 25, 2009, Hert applied for Disability Insurance Benefits and Supplemental Security Income alleging that he became disabled on January 1, 1984. Hert alleged that he was unable to work due to "[g]eneral anxiety

disorder, suicidal, major recurrent depression, post traumatic stress disorder, head trauma, and left hip problems."[1] The agency denied his applications. Hert then asked for a hearing before an ALJ.

ALJ James Lessis conducted an administrative hearing on May 23, 2012. Hert was represented by counsel at this hearing, and Hert testified about his medical conditions. The ALJ also heard from Hert's case manager and a vocational expert.

On August 31, 2012, the ALJ issued his written decision, finding that Hert had not engaged in substantial gainful activity since the alleged onset date and that Hert suffered from a severe combination of mood disorder, generalized anxiety disorder, major depressive disorder, polysubstance disorder, status post cerebral vascular accident, hepatitis C, and seizure disorder. The ALJ found that Hert's impairments, along with his polysubstance abuse, met the requirements of a disability under 12.09, as analyzed under Listings 12.04, 12.06, and 12.02 under 20 CFR Part 404, Subpart P, Appendix 1. The ALJ then found that if Plaintiff stopped the substance abuse, Plaintiff would not have an impairment or combination of impairments that would meet any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 because the remaining limitations would not meet or medically equal the listed criteria. Absent the substance abuse, the ALJ determined Hert's RFC as follows:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to maintain employment at the level of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking 6 hours in an 8-hour workday; and sitting 6 hours in an 8-hour workday as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional climbing of ramps and stairs, occasional balancing, stooping, kneeling, crouching, and crawling; frequent reaching, handling, fingering, and feeling; occasional exposure to extreme temperatures; exposure to vibrations, moving mechanical parts, electrical shock,

---

[1] Doc. 9-7, p. 40.

-3-

hazardous exposed places, radiation, and explosive equal to or less than 1% of the time, and occasional exposure to fumes, odors, dust, gases, and poor ventilation. From a general educational development standpoint, the claimant retains the reasoning, mathematics and language skills to perform simple work with understanding and carrying out simple one- or two-step instructions, dealing with standardized situations with occasional or no variables in situations encountered on the job, performing basic arithmetic operations, and reading, writing, and speaking in simple sentences using normal work order. This mental functioning correlates to the levels of Reasoning, Math, Language (R-M-L) Development described in the Dictionary of Occupational Titles at levels 1-1-1 (the lowest levels). Furthermore, the claimant is limited to occasional contact with the public, co-workers, and supervisors.[2]

The ALJ then found that although Plaintiff did not have past relevant work, there were jobs in the national economy that Plaintiff could perform if Plaintiff discontinued his substance abuse. In sum, the ALJ concluded that because Hert's substance abuse was a contributing factor material to the determination of disability, Hert had not been disabled from the alleged onset date through the date of the decision.

Given the unfavorable result, Hert requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Hert's request on February 18, 2014. Accordingly, the ALJ's August 2012 decision became the final decision of the Commissioner.

Hert then filed a complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and either the grant of benefits or remand to the Commissioner for a new administrative hearing. Because Hert has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner as to any fact, if

---

[2] Doc. 9-3, p. 20.

supported by substantial evidence, shall be conclusive."[3] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.[4] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[5] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[6]

An individual is under a disability only if he can "establish that [he] has a physical or mental impairment which prevents [him] from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[7] This impairment "must be severe enough that he is unable to perform his past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering his age, education, and work experience."[8]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[9] The steps are

---

[3] 42 U.S.C. § 405(g).

[4] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[5] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[6] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[7] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[8] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

[9] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[10]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[11] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[12]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[13] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[14] The burden then

---

[10] *Barkley*, 2010 WL 3001753 at *2.

[11] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753 at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[12] *Barkley*, 2010 WL 3001753 at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[13] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[14] *Lax*, 489 F.3d at 1084.

shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[15]

### III. Analysis

Plaintiff raises two arguments. First, Plaintiff contends that the ALJ failed to perform a proper drug and alcohol addiction ("DAA") analysis because the ALJ did not indicate what evidence in the record supported his finding that Plaintiff could perform substantial gainful activity absent Plaintiff's substance abuse. In this case, the evidence demonstrates that Plaintiff struggles with alcohol and drug abuse. Special regulations apply to disability determinations involving substance abuse claimants. In particular, there is "an extra step to the five-step sequential evaluation for claimants with DAA."[16] If there is a finding that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, the ALJ "must determine whether [the] drug addiction or alcoholism is a contributing factor material to the determination of disability."[17] The burden is on the claimant to demonstrate that the drug or alcohol addiction is not a contributing factor material to the disability determination.[18]

Plaintiff complains that the ALJ did not point to any evidence to support his finding that Plaintiff could perform a reduced range of light work if Plaintiff would stop his substance abuse. To the contrary, the ALJ noted specific instances and medical evidence that showed that Plaintiff, when not abusing substances, was not so disabled to not perform any work.

---

[15] *Id.*

[16] *Salazar v. Barnhart*, 468 F.3d 615, 622 (10th Cir. 2006).

[17] 20 C.F.R. §§ 404.1535(a), 416.935(a). *See also* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.").

[18] *Parra v. Astrue*, 481 F.3d 742, 748 (10th Cir. 2007).

Specifically, the ALJ stated that Plaintiff, during times of sobriety, had clear and goal-directed thought processes, no overt symptoms of psychosis, hallucinations or delusions, and his mood was pretty good. The ALJ noted that the record as a whole demonstrated that Plaintiff could function fairly well when Plaintiff did not use alcohol or drugs. Citing to specific medical testimony, the ALJ also gave some weight to the state agency medical consultant's determination that Plaintiff is only mildly limited in performing daily activities, social functioning, and maintaining concentration, persistence, or pace. Furthermore, the ALJ took into account that even if Plaintiff stopped the substance abuse, Plaintiff would still have medical impairments that would produce some symptoms. The ALJ, however, found that Plaintiff's statements regarding the intensity and limiting effects of those symptoms were not entirely credible. Instead, the ALJ found that Plaintiff's impairments would affect him but not to the extent that Plaintiff would have no capacity to work. Considering the record as a whole, the ALJ determined that Plaintiff's primary impairment was polysubstance abuse—rather than other disabling impairments.[19] For the reasons noted above, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's drug addiction or alcoholism was a contributing factor material to the determination of disability.

       Plaintiff's second argument is that the ALJ failed to properly derive Plaintiff's RFC because the RFC is not related to any specific medical evidence or testimony and the ALJ's RFC assessment did not contain a narrative discussion about the medical evidence supporting his conclusion. "The RFC assessment must include a narrative discussion describing how the

---

[19] The medical evidence in this case primarily relates to Plaintiff's numerous requests for detox from alcohol. Evidence with regard to treatment for other medical impairments is scarce. For example, Plaintiff has seizure disorder. The ALJ noted that although Plaintiff was admitted to a hospital after having a seizure, the medical evidence failed to show frequent emergency room trips or hospitalizations for seizures. The ALJ also noted that the medical evidence demonstrates that Plaintiff's seizures were controlled.

evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."[20] The RFC assessment, however, "does not require citation to medical opinion, or even to medical evidence in the administrative record for each RFC limitation assessed."[21] "[I]t is Plaintiff's burden to prove what his *limitations* are, not the Commissioner's burden to prove what Plaintiff's *capabilities* are."[22]

In this case, the ALJ lists the medical evidence relating to Plaintiff's physical and mental limitations. The ALJ discussed Plaintiff's complaints and credibility. The ALJ also noted the medical source opinions and what weight he was giving to those opinions. Furthermore, the ALJ discussed the testimony of Plaintiff's case worker. Specifically, the ALJ discussed Plaintiff's seizure disorder and the evidence (medical records and Plaintiff's testimony) regarding the limitations of that impairment. The ALJ also discussed Plaintiff's report of pain. The ALJ concluded that while the seizure disorder and resulting pain limited Plaintiff, the disorder it did not preclude Plaintiff from all work and thus Plaintiff's RFC assessment reflected this finding. In addition, the ALJ noted that most of Plaintiff's mental impairments appeared to evidence themselves during times of Plaintiff's substance abuse.  When Plaintiff was not abusing substances, the ALJ noted that his cognitive abilities improved.  Yet, the ALJ's RFC assessment still limited Plaintiff's ability to "simple work" and "occasional contact with the public, co-workers, and supervisors."[23] In sum, the ALJ cites to the evidence in the record and adequately explains and links his RFC assessment to that evidence.

---

[20] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996).

[21] *Teneyck v. Astrue*, 2012 WL 1901285, *8 (D. Kan. May 25, 2012) (citation omitted).

[22] *Id.* at *9 (citing *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)).

[23] Doc. 9-3, p. 20.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dates this 4th day of May, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE